# UNITED STATES DISTRICT COURT
for the
Southern District of Ohio



| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched<br>or identify the person by name and address)*<br><br>279 S. Monroe Ave.<br>Columbus, OH 43205 | )<br>)<br>) Case No. 2:19mj273<br>)<br>)<br>) |

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:
279 S. Monroe Ave., Columbus, OH, being a two-story, brick, single family house. "279" is posted to the right of the front door. The front door is green with green trim around it, and tan trim around the rest of the house. A detached two-story garage with possible living quarters. The detached garage has the number "282" posted next to the green walk-through door facing Allen Ave.

located in the _____Southern_____ District of _____Ohio_____, there is now concealed *(identify the person or describe the property to be seized)*:
See Attachment A, which is attached hereto and incorporated herein by reference

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
- ☒ evidence of a crime;
- ☒ contraband, fruits of crime, or other items illegally possessed;
- ☒ property designed for use, intended for use, or used in committing a crime;
- ☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. 846 | Did knowingly and intentionally, conspire to possess with intent to distribute a controlled substance |

The application is based on these facts:
See attached Affidavit

- ☒ Continued on the attached sheet.
- ☐ Delayed notice _____ days (give exact ending date if more than 30 days: _____) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
*Applicant's signature*

Samuel Miller, Special Agent
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 4/5/2019

_____
*Judge's signature*

City and state: Columbus, OH     Elizabeth A. Preston Deavers, United States Magistrate Judge

## AFFIDAVIT IN SUPPORT OF A SEARCH WARRANT

I, Samuel Miller, being first duly sworn, hereby depose and state as follows:

## INTRODUCTION AND AGENT BACKGROUND

1. I am a Special Agent of the Drug Enforcement Administration (DEA) assigned to the Detroit Field Division, Columbus District Office. As such, I am an "investigative or law enforcement officer" of the United States within the meaning of 18 U.S.C. § 2510(7), that is, an officer of the United States empowered by law to conduct criminal investigations and make arrests for offenses enumerated in 18 U.S.C. § 2516. I have been employed by the DEA since September 2016. I am empowered to investigate, to make arrests with or without warrants, and to execute search warrants under the authority of 21 U.S.C. § 878.

2. Prior to being employed by the DEA, I was employed by the Federal Air Marshal Service from July 2011 to June 2013, and the Columbus (Ohio) Division of Police from June 2013 to August 2016. During this time, I accumulated the following training and experience:

    a. I graduated from the DEA Academy located at the FBI Joint Training Center in Quantico, Virginia. I received approximately 20 weeks of specialized narcotics related training. The training included controlled substances identification, narcotics related investigative techniques, interview and interrogation training, preparation of search warrants, tactical application of narcotics enforcement, surveillance and electronic monitoring techniques, money laundering investigations, and various forensic subjects, including latent fingerprint collection and analysis.

b. During the course of my law enforcement career, I have had experience in debriefing defendants and interviewing participating witnesses, cooperating individuals, and other persons who have personal knowledge and experience regarding the amassing, spending, conversion, transportation, distribution, and concealment of records and proceeds of trafficking in controlled substances.

c. As a DEA agent and police officer, I have participated in the execution of numerous search warrants at the residences and businesses of narcotics traffickers, safe houses, and crack houses, and I have participated in numerous arrests for drug related offenses. I have drafted numerous federal DEA search warrants, including search warrants for electronic devices and electronically stored data.

d. As a DEA agent, I have participated in investigations targeting individuals and organizations trafficking heroin, cocaine, cocaine base, marijuana, methamphetamine, and other controlled substances, as defined in 21 U.S.C. § 801.

e. During the course of my law enforcement career, I have completed the following training opportunities: Federal Law Enforcement Training Center Integrated Basic Training Program (October 2011), Federal Air Marshal Training Program (December 2011), Ohio Police Officer Basic Training Program (January 2014), and DEA Basic Narcotic Investigators Course (September 2016), Darkweb Narcotics Investigations Course provided by the National Cyber Forensic Training Alliance (NCFTA) (August 2018).

3. The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents and witnesses. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

## PROBABLE CAUSE

4. On or about January 28, 2019, United States Postal Inspector Sabrah, through postal records, was able to identify a possible DarkWeb parcel recipient by the name of "Quintessentials", located at 1491 Polaris PKWY STE 219 Columbus, OH. Inspector Sabrah, was able to identify a high volume of parcels from many states mainly FL, CT and MD. The sender business names identified at the start of the investigation were, "ArtExpress", "Soap's Up", "Locolotion", "Vintage Craft", "Artisian Design", "Treehouse Design", "Nuthouse Soapz", "Amelange", and "GrBizz".

5. Inspector Sabrah ran checks on the various return names and addresses, with negative results. On the same day, Inspector Sabrah went to the Polaris location UPS store, and retrieved the box application for box 219. The application revealed that the box was opened by Christine N. RAHIMY (AKA: Christine N. Jenkins; F/W; DOB: 12/05/1978; SSN: ▓▓▓-▓▓). RAHIMY had the box under the business name of Quintessentials. The address listed on the application was 655 Saffron Dr. Sunbury, OH 43074. Her Ohio driver's license, # RR146350, was also attached.

6. On February 15, Inspector Sabrah was notified by UPS store management that a parcel addressed to Quintessentials was delivered to their store. Inspector Sabrah took custody of the USPS Priority Mail parcel addressed to "Quintessentials, 1491 Polaris Pkwy Ste 219, Columbus, OH 43240-2041", and bearing the return address of "GRBIZZ, 333 S Franklin St,

Tampa, FL 33602." According to law enforcement databases, the return address of 333 S Franklin St., Tampa, FL 33602 does exist, but does not associate to a business named GRBIZZ. A google maps search shows that location as being the Tampa Florida Convention Center.

7. Inspector Sabrah acquired search warrant 2:19-mj-137 through the Southern District of Ohio for the parcel. The parcel revealed a lab grade faucet/dispenser and three other boxes, which appeared to be labeled for reshipment. Inside of those boxes were miscellaneous types of steroids, in both pill and vial form. The individual boxes ready for reshipment contained inside the United States Priority Mail box were meant to the following addresses: Joey Cantagallo, 2606 Jesse Way, Piscataway, NJ 08854, Kyle Cream, 2340 Sycamore Ave, Santa Rosa, CA 95404, and Matthew Pacheco, 9225 SW 5th St Apt A, Boca Raton, FL 33428.

8. On February 19, Inspector Sabrah went into the Polaris location UPS store. UPS store management notified Inspector Sabrah that a person by the name of Jeremy BEILHARZ has been authorized by the original box owner, RAHIMY, to receive parcels going to box 219. UPS Store management told Inspector Sabrah, that the vehicle driven by BEILHARZ was a greyish Ford, four-door, short bed pick up. UPS store management notified Inspector Sabrah of a United Parcel Service (UPS) parcel for box 219 currently awaiting pick-up. A UPS store employee inspected the contents of this additional package with Inspector Sabrah present. This parcel was found to contain lab equipment associated with the distribution / manufacturing of anabolic steroids. This parcel was not intercepted and continued to be in UPS custody.

9. On February 19, law enforcement officers conducted surveillance of the Polaris location UPS store. At approximately, 4:50 PM, a silver Ford Sport Trac pick-up truck with OH tags DEE9966, parked in the UPS store parking lot. The vehicle came back registered to Scott E. Cochran (M/W; DOB: 12/06/1977; LKA: 279 S. Monroe Ave., Columbus, Ohio). The driver of

the vehicle, identified as Jeremy BEILHARZ (M/W; SSN:█████████; DOB: 08/07/1977), was observed going into the UPS store and coming out with a parcel. Officers followed the vehicle to 279 Monroe Ave. Columbus, OH. BEILHARZ was observed exiting the vehicle with multiple parcels in-hand and went into the residence.

10. Law enforcement database checks on BEILHARZ revealed prior criminal history charges for possession or attempted possession of: Opium or Derivatives, Cocaine, Oxycodone, Synthetic Cannabinoids, Anabolic Steroids, Alprazolam, Narcotic Equipment, and Drug Paraphernalia.

11. On February 19, Inspector Sabrah was able to identify IP 107.11.154.158, which tracked the seized parcel, as well as other parcels. The IP came back to Charter Communications in Columbus, OH. Investigating this IP, lead Inspector Sabrah identified a second UPS store box that is receiving parcels being tracked by this IP. The second UPS store is 752 N State St. Ste 132, Westerville, OH. This IP also lead Inspector Sabrah to identifying several outbound parcels being tracked by this IP.

12. The parcels being received at the Westerville UPS store location were addressed to "Bacio". The outbound parcels being shipped from Columbus, OH, had various return addresses and business names, which were, Art Express, Art Supply, Art Supplies, Synergy, JartSkates and ModToysWorld. An administrative subpoena was sent to Charter Communications. Results from this subpoena showed the IP belonged to an account registered to Scott Cochran at 279 S. Monroe Ave. with the MAC address of 20e564e868da.

13. Based on the business names used on the outbound parcels being mailed from Columbus, Inspector Sabrah was able to identify multiple previously unknown parcels under the sender name of ModToysWorld. Also, JartSkates was found to be a sender name identified

previously for DarkWeb activity. The JartSkates investigation yielded several additional packages being shipped from Columbus, OH to several other states.

14. Further investigation, into the outbound parcels led to identifying two (2) parcels that were shipped at a U.S. Postal Service Kiosk. Through this transaction, Inspector Sabrah was able to retrieve the credit card number used and an image of the shipper. This image was used to confirm that our suspect driving the Ford pick-up truck and the person shipping the parcels are the same.

15. On February 24, Inspector Sabrah, through postal records, was able to identify the same sender names used on the Quintessentials and Bacio parcels was also sending packages to box 648 at the UPS store located at 605 N High St. Columbus, OH. The parcels being received at the Short North UPS store location were addressed to "On Point APO". Through this record, Inspector Sabrah was able to identify an additional sender by the name of "CLop Inc.," that also sent parcels to box 648 addressed to the same recipient. Inspector Sabrah was able to additionally identify parcels from the same sender name (CLop Inc) being mailed (outbound) from Columbus, OH to other parts of the country.

16. On February 25, BEILHARZ was observed mailing sixteen (16) parcels from the German Village Post Office, 500 E Whittier St. Columbus, OH 43206 with the return business name of CLop Inc. The return addresses were various local UPS stores in the Columbus area. These shipments were identified through postal report records and Inspector Sabrah was able to retrieve video surveillance footage on March 5.

17. On February 28, through postal records, Inspector Sabrah learned BEILHARZ was associated with DEA case KC-11-0033. DEA Task Force Officer (TFO) Andrew Wuertz, spoke with the case agent. It was determined by the case agent that BEILHARZ received

packages containing anabolic steroids directly from China and reshipped them to Freddie Sergent for redistribution from 2011 to 2014. Sergent pled guilty to one count of drug trafficking in the Eastern District of Tennessee.

18. On February 28, law enforcement officers conducted surveillance on the Short North UPS store, located at 605 N High St. Columbus, OH. At approximately, 6:37 PM, officers observed BEILHARZ park a silver Ford Explorer Sport Trac pick-up truck and enter the Short North UPS store. During this period of time, Franklin County Sergeant David Barrick, installed a tracker on the subject's vehicle as authorized by a Franklin County Municipal Court Search Warrant. BEILHARZ exited the UPS store with a parcel in-hand and cleared the area. Per the GPS, BEILHARZ returned to 279 S. Monroe Ave.

19. On March 1, at approximately 4:05PM, TFO Barrick observed the garage in the rear of 279 S. Monroe Ave. open from the inside. The target vehicle was observed parked inside. At approximately 4:07PM the target vehicle backed out of the garage and left the area for a brief time.

20. On March 4, per GPS, the vehicle driven by BEILHARZ left 279 S. Monroe Ave. and arrived at the Post Office, 2935 E. Main St., at 6:32AM. The vehicle then made one stop before arriving back at 279 S. Monroe Ave. The vehicle driven by BEILHARZ left 279 S. Monroe Ave. and arrived at the Post Office, 500 E. Whittier St., at 1:42PM. Inspector Sabrah, took custody of USPS Priority Mail parcel with tracking number 9505515822419063241200 addressed to "John Koontz, 711 W 40th Street, Suite 153 # 305 Baltimore, MD 21211-2120", and bearing the return address of "Art Supply, 3000 E. Main Street Columbus, Ohio 43219." Inspector Sabrah, was able to confirm through time stamped postal records, and video surveillance, that BEILHARZ mailed this parcel. Inspector Sabrah, also retrieved video

surveillance of BEILHARZ mailing this parcel at the German Village Post Office. The vehicle then makes one stop before arriving back at 279 S. Monroe Ave.

21. On March 7, Inspector Sabrah acquired search warrant 19-mj-176, from a U.S. Magistrate in the Southern District of Ohio, for USPS Priority Mail parcel addressed to "John Koontz, 711 W 40th Street, Suite 153 # 305 Baltimore, MD 21211-2120", and bearing the return address of "Art Supply, 3000 E. Main Street Columbus, Ohio 43219." The parcel was opened and revealed 4 vials of suspected anabolic steroids.

22. On March 13, per GPS, the vehicle driven by BEILHARZ left 279 S. Monroe Ave. and arrived on the lot of the Post Office, 500 E. Whittier St. at 1:59PM. Inspector Sabrah retrieved video surveillance, which shows BEILHARZ retrieving multiple pieces of flat rate mail shipping boxes and large envelopes for shipping supplies, and then leaving the post office. The target vehicle arrives back at 279 S. Monroe Ave. Later in the day, the vehicle leaves 279 S. Monroe Ave. and arrives at the UPS Store, 605 N. High St. at 5:18PM. The vehicle makes several stops before returning to 279 S. Monroe Ave.

23. As of March 27, total inbound parcel count for BEILHARZ drug trafficking organization are listed as follows: "Bacio" - 752 N State St. Ste 132 Westerville, OH - 33 parcels received; "On Point APO"- 605 N High St Ste 648 Columbus, OH - 11 parcels received, "Quintessentials" - 1491 Polaris PKWY Ste 219 Columbus, OH - 50 parcels received. Total inbound packages are 94. Additional packages may arise at a later date.

24. Total outbound parcel count for BEILHARZ drug trafficking organization are listed as follows: "CLop Inc" – 75 parcels; "Mod Toyz World" – 30 parcels (this number does not include 3 parcels labeled for reshipment seized); "LD LLC" – 9 parcels; "Art Supply" – 6 parcels; "Synergy" – 2 parcels; "Quintessentials" – 1 parcels; "Art Express" – 3 parcels; : 3; and

# ATTACHMENT A

1. All fruits, evidence and instrumentalities, as listed below of criminal offenses against the United States, that is 21 U.S.C. §846 (conspiracy to distribute and possess with intent to distribute illegal narcotics); and 21 U.S.C. §841(a)(1); 18 U.S.C. §2 (distribution and possession with intent to distribute illegal narcotics); and 18 U.S.C. §1956 (money laundering). Those items included below.

2. Illegal narcotics

3. Firearms

4. Log Books, records, payment receipts, notes, and/or customer lists, ledgers, and other papers relating to the transportation, ordering, purchasing, processing, storage, and distribution of controlled substances, in particular cocaine; all records of income and expenses.

5. Papers, tickets, notices, credit card receipts travel schedules, travel receipts, passports, and/or records and other items relating to travel to obtain and distribute narcotics and narcotic proceeds.

6. Books, records, invoices, receipts, records of real estate transactions, financial statements, bank statements, cancelled checks, deposit tickets, passbooks, money drafts, withdrawal slips, certificates of deposit, letters of credit, loan and mortgage records, money orders, bank drafts, cashier's checks, bank checks, safe deposit box keys, money wrappers, wire transfer applications and/or receipts, fictitious identification, and other items evidencing the obtaining, secreting, transfer, concealment, and/or expenditure of money.

7. Electronic equipment such as computers, currency counting machines, pagers (alphanumeric display beepers), telephone answering machines, telephone caller identification boxes, videocassette and audiocassette tapes, and any stored electronic communications and information contained therein, cryptocurrency storage devices (i.e. cold storage), USB storage devices, and electronic data storage devices.

8. To listen, read, review, develop, print, and convert all electronic media into human readable and viewable form and to make copies or recordings of the data in order to protect and preserve the information.

9. Cellular telephones(s) and any stored electronic communication stored therein.

10. United States currency, precious metals, jewelry, gold coins, and financial instruments including, but not limited to stocks and bonds.

11. Photographs, negatives, videotapes, slides, films, undeveloped film and the contents therein, in particular, photographs of co-conspirators, assets, and/or narcotics.

12. Address and/or telephone books, rolodex indices, and any papers reflecting names, addresses, telephone numbers, pager numbers, and/or fax numbers of co-conspirators, sources of supply, storage facilities, customers, financial institutions, and other individuals or businesses with whom a financial relationship exists.

13. All records relating to violations of the statutes listed and involving subjects listed in this warrant, and others not yet identified, records and data, including but not limited to:

    a. Records from items listed in Attachment B, list of contacts and related identifying information in database, photo card, SIM card, cellphone, portable cell phone, and/or computer;

    b. Any information related to source of narcotic drugs (including names, addresses, phone numbers, or any other identifying information);

    c. Any information recording known and unknown drug traffickers' scheduled travel from 2015 to present;

    d. All data stored within cellphones to be searched to include but not limited to recent calls contacts photographs voice messages, text messages, save internet sights, all other electronic media and applications

    e. Retrieve all data stored to include but not limited to photographs, negatives, videotapes, slides, films, undeveloped film and the contents therein, in particular, photographs of co-conspirators, assets, and/or narcotics.

    f. To listen, read, review, develop, print, and convert all electronic media into human readable and viewable form and to make copies or recordings of the data in order to protect and preserve the information.

    g. From any computer hard drive, cellular telephone, or other electronic media (hereafter, "MEDIA") that is called for by this warrant, or that might contain things otherwise called for by this warrant:
       - Evidence of user attribution showing who used or owned the MEDIA at the time things described in his warrant were created, edited, or deletes, such as logs, registry entries, saved usernames and passwords, documents, and browsing history; Passwords, encryption keys, and other access devices that may be necessary to access the MEDIA; Documents and manuals that may be necessary to access the MEDIA or to conduct a forensic examination of the MEDIA.

    h.   Records of Internet Protocol addresses used;

    i.   Records of Internet activity, including firewall logs, caches, browser history and cookies, "bookmarked or "favorite" web pages, search terms that the user entered into an Internet search engine, and records of user-typed web addresses.

    j.   As used above, the term "records and "information" include all of the foregoing items of evidence whatever form and by whatever means they may have been created or stored, including any form of computer or electronic storage (such as hard disk or other media that can store data); any handmade form (such as writing, drawing, painting); any microfilm, prints, slides, videos, photocopies, pictures).

    k. Any other items which constitute evidence of the crimes of 18 U.S.C. §1956 (money laundering); 21 U.S.C. §846(conspiracy to distribute and possess with intent to distribute illegal narcotics); 21 U.S.C. §841(a)(1) and 18 U.S.C. §2 (distribution and possession with intent to distribute illegal narcotics).